IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $47,120.00 IN U.S. CURRENCY, | ) | |
| | ) | <u>COMPLAINT IN FORFEITURE</u> |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this <u>in rem</u> proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3. Defendant $47,120.00 in U.S. Currency (hereinafter "defendant currency") was seized on October 10, 2017. Defendant currency is now in the possession of the federal government.

4. Subsequent to the seizure, Customs and Border Protection (hereinafter "CBP") commenced administrative forfeiture proceedings against the defendant currency. A claim to

the defendant currency was submitted in the administrative forfeiture proceeding by Jenny Rhee (hereinafter "Rhee"), necessitating the filing of this judicial forfeiture action.

5. The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. §§ 841(a) and/or 846.

## FORFEITURE COUNT

6. On October 10, 2017, Rhee was a ticketed passenger on a Southwest Airlines Flight departing from Cleveland, Ohio, and destined for Las Vegas, Nevada.

7. During routine administrative screening of Rhee and her carryon luggage by the Transportation Safety Administration (hereinafter "TSA"), screeners observed that Rhee's carryon bag alerted for the presence of a bulk organic mass.

8. TSA officers conducted an administrative search of the luggage and discovered rubber-banded bundles of currency vacuum sealed in plastic and concealed inside a pair of jeans, later determined to be defendant currency.

9. TSA officers removed the currency, later determined to be defendant $47,120.00 in U.S. Currency, from the packaging to examine the contents and rule out any explosive or other device that could be potentially harmful to an aircraft.

10. TSA officer alerted Cleveland Police Division (hereinafter "CPD") officers working the checkpoint, who notified Homeland Security Investigations (hereinafter "HSI") of the discovery of the defendant currency.

11. TSA officers placed the defendant currency and its packaging materials into the

luggage and permitted Rhee to proceed to her departure gate.

12. Two HSI agents and a task force officer approached Rhee at the waiting area near her departure gate, introduced themselves, and asked her to accompany them to their office to discuss the currency discovered in her bag.

13. Rhee agreed to be interviewed at the HSI office inside the airport terminal.

14. Rhee stated that she packed her own bag and that the bag and the contents within it were hers.

15. Rhee consented to a search of her carryon bag.

16. During the search of her carryon bag, HSI discovered the defendant currency of mixed denominations in rubber-banded bundles inside a pair of jeans.

17. Rhee estimated the total amount of money she was carrying was approximately $45,000.00.

18. In response to questioning Rhee explained she had brought the large amount of cash from her home in Las Vegas to Cleveland to purchase a car and find an apartment.

19. Rhee explained she stayed at two downtown hotels during her stay in Cleveland and looked at apartments at 'The Nines" and at "Pinnacle."

20. Additionally, she stated that she brought cash since there are no Bank of America branches in Ohio.

21. She had no receipts for her reported hotel stays and the UBER she took to the airport.

22. She also stated she planned to buy an Audi A8 in Cleveland but that the car deal fell through. Rhee could not provide the name of the person from whom she was to purchase

the car. She did reference the name "Bianca" as being connected with the sale of the Audi A8 but did not provide a last name.

23. A certified CPD canine officer and his canine, "Finnegan," conducted a controlled test at the airport, during which the canine made a positive alert for the odor of narcotics on the defendant currency.

24. HSI seized the defendant currency.

25. By reason of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

                                    Respectfully submitted,

                                    JUSTIN E. HERDMAN
                                  United States Attorney

By: _____
       Phillip J. Tripi
       Reg. No. 0017767
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       Phone: (216) 622-3769
       Fax:   (216)522-7499
       Phillip.Tripi@usdoj.gov

## VERIFICATION

STATE OF OHIO          )
                       ) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

_____
Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this 28 day of August, 2018.

_____
Notary Public

Angela M. Lapp
Notary Public
State of Ohio
County of Cuyahoga
My Comm. Exp. 11/28/2021